UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | | |
|---|---|---|
| **JOHN SHELBY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Cause No.  3:12-cv-200** |
| **v.** | § | |
| | § | |
| | § | |
| **THE CITY OF EL PASO, TEXAS, and** | § | |
| **John Does 1-5,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

---

## ORIGINAL COMPLAINT

---

COMES NOW, the Plaintiff, John Shelby, by and through his attorney, Stephen Casey, Casey Law Office, P.C., and for his Original Complaint pursuant to Federal Rule of Civil Procedure 15 against  the Defendant--the City of El Paso, Texas, Jason Newton, and John Does 1-5 as follows:

### PRELIMINARY STATEMENT

**1.**  This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was a blatant violation of, *inter alia*, the federal civil and constitutional rights of Plaintiff John Shelby, who for the last fifteen (15) years has been denied rights and privileges protected under both federal and state law as a direct and proximate result of the intentional, negligent, and/or deliberately indifferent actions of the Defendants as set forth hereinafter.

**2.**  By this complaint, Plaintiff seeks a declaratory judgment of his rights under federal and

Texas law, monetary compensation, attorney's fees and costs, and injunctive relief in the form of a permanent injunction, barring Defendant City of El Paso from every promulgating information that Jason Newton's crimes were connected with him, and associated state law claims against Newton.

3.   In 1997, the El Paso Police Department, a political subdivision of the City of El Paso, Texas, acting intentionally, negligently and/or with deliberate indifference, placed Plaintiff's Social Security Identification Number ("SSN"), Texas Driver's License Number ("TXDL"), Date of Birth ("DOB"), place of birth, height, weight, hair color, and eye color into the arrest record of one Jason Newton.  As a direct and proximate cause of these actions, Plaintiff had a false criminal record, which has resulted in (1) felony convictions on his background checks, (2) the loss of multiple jobs, (3) inability to obtain promotion, (4) loss of the right to vote, (5) loss of the right to travel freely among the states, (6) loss of the right to bear firearms, (7) loss of real property, (8) defamation tied to his constitutional rights, which is actionable, and (9) loss of employment benefits for himself, his wife, and his children, and other consequential damages.

4.   A municipality can be held liable under § 1983 for failure to train its employees where the need for more or different training is obvious, in light of the duties assigned to specific officers or employees, and the inadequacy is so likely to result in violations of constitutional rights that the policymakers of the municipality reasonably can be said to have been deliberately indifferent to the need.  *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) ("[Municipal liability is established when] in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonable be said to have been deliberately indifferent to the need.")

**5.**   Municipal liability also attaches whether the act is repeated, or singular, in nature.  *See Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986).  This standard can be reached by actions of the municipality based on a showing of "fault" and not merely "responsibility."  *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757 (5th Cir. 1993).  The causal connection identified in *Sanders-Burns* for liability is set forth in Paragraph 6.  *See Sanders-Burns*, 594 F.3d at 382.

**6.**   It is alleged that Plaintiff's rights under federal law, more specifically 42 U.S.C. § 1983, together with certain rights under the Constitution of the United States and under the State of Texas were violated.  A policymaker, it is alleged, failed (1) to train its employees on the necessity to accurately check the TXDPS and FBI databases to avoid identity theft, and (2) to train its employees not to import information from old arrests where it cannot be verified.  This establishes liability, particularly when records can be verified electronically, and false records are transmitted electronically, because the need for more or different training is obvious, in light of the duties assigned to specific officers or employees, and the inadequacy is so likely to result in violations of constitutional rights that the policymakers of the municipality reasonably can be said to have been deliberately indifferent to the need.

**7.**   Plaintiff files this action seeking damages against the Defendant for committing acts under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; and for intentionally, negligently, and/or with deliberate indifference causing the loss of those rights to Plaintiff.  This Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

## THE PARTIES

**8.**   John Shelby is the Plaintiff in this action.  At the current time of this suit John Shelby is an adult resident of Clermont, Florida.

**9.**   The City of El Paso, Texas is a municipality located in El Paso County, Texas.  To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983.  At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the tortious acts or omissions that are described herein, and was acting under color or authority of law.

**10.** John Does 1-5 are any unknown persons or legal entities that may have contributed to the tortious acts or omissions that are being described herein, including, but not limited to, any employee of the City of El Paso or the El Paso Police Department who is not otherwise named as a Defendant herein.  At all relevant times to this Complaint, these unknown Defendants were responsible, in whole or in part, for the receipt, care, custody, control and transmission of the personal identifying information of John Shelby.   To the extent these Defendants would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983.  The Plaintiff will seek leave of this Honorable Court to amend this Complaint to include these necessary Defendants if and when their identities are made known.

## DISCOVERY RULE

**11.** In *Board of Regents v. Tomanio*, an action brought under 42 U.S.C. § 1983 uses state limitations as well as state tolling doctrines.  Texas recognizes the continuing tort doctrine.  "A cause of action for a continuing tort does not accrue until the defendant's tortious act ceases." *First Gen. Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 501 (Tex. App.—Austin 1998, no pet.).

**12.** This suit survives the discovery rule as it falls under the continuous tort doctrine.  A

continuous tort involves a repeated injury proximately caused by repetitive wrongful acts. *Krohn v. Marcus Cable Assocs.*, 201 S.W.3d 876, 880 (Tex. App.—Waco 2006, pet. denied).

**13.** A background check performed in Winter 2011 by the Virginia Pilot Newspaper still revealed a background check from EPPD identifying Shelby with offense committed by Jason Newton, and a December 28, 2010 article by KTSM news in El Paso identified the crimes still exist on Plaintiff's background check. These check put the case within the statute of limitations.

## JURISDICTION AND VENUE

**14.** The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§ 1331 to obtain a judgment for the costs of the suit, including reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff, which were caused by the Defendant's blatant violation(s) of his rights, privileges and immunities as guaranteed by Article IV, the First, Second, Fifth, and Fourteenth Amendments to the Constitution of the United States of America and by federal law, more particularly 42 U.S.C. § 1983. Furthermore, the Plaintiff's action for declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57.. The Court may issue injunctive relief pursuant to Fed. R. Civ. P. 65. The Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal law claims alleged in the action that they form part of the same case or controversy under Article III of the United States Constitution.

**15.** Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) because substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**16.** Furthermore, jurisdiction is proper under Supreme Court case law because Shelby's recognized constitutional rights were violated by a municipal policy or custom, promulgated by a

policy maker within the City of El Paso, through its intentionally, negligently, and/or with deliberate indifference actions implemented such policy or custom, or inadequately trained and/or supervised such employees, which was the moving force or direct cause of Shelby's injuries. *See Monell v. Dep't of Soc. Servs of City of New York*, 436 U.S, 658 (1978).

## FACTS COMMON TO ALL COUNTS

**17.** In 1991, Plaintiff was arrested by the El Paso Police Department (hereinafter "EPPD") for criminal trespassing. His personal identifying information (name, date of birth, social security number) and characteristics (height, weight, etc.) became known to the EPDD at that time. That charge was dismissed. *See* Exhibit A.

**18.** Following this time, Plaintiff lived in Arkansas, Kentucky, and Virginia. He surrendered his Texas driver's license to the State of Arkansas. Plaintiff possessed a Virginia driver's license in 1997 when he returned to Texas.

**19.** Plaintiff's driver's licenses were never lost or stolen.

**20.** In November 1997, Plaintiff was hired at the Tigua Indian Reservation Casino outside El Paso, Texas. He was informed on December 1, 1997, that he was being "let go" because of crimes on his criminal background check. That background check showed he was currently incarcerated in the El Paso jail.

**21.** On or about December 2, 1997, Plaintiff visited the jail. Mr. Chavez of the EPPD Records Dept. showed Plaintiff the photograph of the person who had allegedly used Plaintiff's name. Plaintiff, within a few phone calls, was able to dentify him as Jason Newton ("Newton"). Mr. Chavez said that he wasn't sure how this mix-up could happen but that it was all "cleared up," and gave Plaintiff a sheet of paper disclaiming any crimes by Mr. Newton. *See* Exhibit B.

**22.** Mr. Newton was six (6) inches taller than Plaintiff. In addition, Mr. Newton was over

forty (40) pounds heavier, nearly seven (7) years younger, and had different eye color than the Plaintiff.  *See* Exhibit C.

**23.**  Plaintiff was required to wait six (6) months before reapplying for the same job at the Casino. Plaintiff moved back to Virginia Beach, Virginia, to look for work there.  Plaintiff still could not find work based on the failed background checks.

**24.**  Plaintiff eventually obtained employment as a postal employee after passing the Postal Service entrance exam and getting bonus points for being a disabled veteran.

**25.**  Plaintiff was hired as a carrier in the United States Post Office in Suffolk, Virginia

**26.**  On June 27, 2002, Plaintiff was called into his supervisor's office for an explanation of the felonies on his record. He was fired for dishonesty. This led to loss of his new house. Plaintiff became homeless as a result.

**27.**  Over the next several years Plaintiff took various jobs, but nothing that required a background check. Each time he worked up to a position that required a background check, the result was the same: he had a felony record.

**28.**  After working up to the offer of managing a pizza business, which required a background check, new convictions appeared on Plaintiff's record, aggravated robbery.

**29.**  Plaintiff began to call the EPPD Records Dept. on a weekly basis. A lady named Ms. Daniels first put Plaintiff in touch with Senior Latent Fingerprint Examiner Mr. Bruce Orndorff.

**30.**  Mr. Orndorff first called Plaintiff a liar until he received a copy of the paperwork Mr. Chavez had sent Plaintiff.    Mr. Orndorff first said that paperwork had **never been filed or recorded.**  He then said it was the wrong paperwork. He then sent two letters, one in 2005, and another in 2007, which identified that the crimes were not Plaintiff's and had Plaintiff fingerprinted by the Norfolk Police Dept.  *See* Exhibit D.

**31.** Fully unknown to Plaintiff at this time was that the actual reason for the flawed background checks was not Newton's actions but the actions of EPPD; in addition, the police reports which initiated the damage to Plaintiff's background were not corrected.

**32.** Eventually after contacting many people Plaintiff began to call Ms. Daniels of the Records Dept. at EPPD. She told him nothing had changed, and to stop calling.

**33.** Shelby called the records department in excess of ten (10) times, and more likely in excess of one-hundred (100) times.

**34.** An Assistant District Attorney named Lisa Borden did eventually attempt to obtain an expunction of Plaintiff. In the process of returning Plaintiff's paperwork to him, Plaintiff received paperwork from the expunction process in January of 2009. He found the following data from that paperwork: ***The EPPD had deliberately inserted his personal information (Height, Weight, Social Security Number, Birthdate, Birthplace, et al.) from the 1991 arrest into the two arrest records of Newton***, and this intentional and/or grossly negligent action proximately caused the harm he has endured to this day.  *See* Exhibit E.

**35.** Without Jason Newton possessing any information other than Plaintiff's name, there is only one way for that information to be ascertained:  an employee of the City of El Paso had to have deliberately, or with gross negligence, imported that information from Plaintiff's 1991 arrest into the arrest of Jason Newton.

**36.** EPPD remains entirely and solely at fault for using the 1991 arrest information of John Shelby in Jason Newton's two (2) 1997 arrests.

**37.** The only way for such deliberate and/or grossly negligent action to have been prevented is (1) adequate supervision, or (2) adequate training.

**38.** Plaintiff also found that on the sheets that his personal information was designated as

having been check via the TXDPS database and the FBI database, neither of which could possibly be true, as during that time Newton was a fugitive from McKinney, Texas.   *See* Exhibit E, F.

**39.**   Plaintiff also realized that this false information was being transmitted by EPPD to outside organizations via electronic background checks, which has caused irreparable harm to Plaintiff.  *See* Exhibit G.

**40.**   Notwithstanding the Plaintiff's repeated requests to rectify this situation, the Defendant has yet to correct these errors and/or omissions.

**41.**   A news article in December 2010 identifies that these crimes still appear on background checks.  *See* Exhibit G.

## COUNT I—ACTION FOR DEPRIVATION OF LIBERTY AND PROPERTY UNDER FOURTEENTH AMENDMENT
## (42 U.S.C. § 1983)

**42.**   The previous paragraphs are incorporated herein by reference as if fully re-alleged.

**43.**   Plaintiff had the right to the privileges and immunities attendant with citizenship and his vested property rights associated with his employment.  He had a right pursuant to the Fourteenth Amendment to the United States Constitution to not be deprived of liberty, or property without due process of law.

**44.** At all times material to this Complaint, the Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Texas.

**45.**   Consequently, while acting under color of law, the Defendant committed actions and omissions wherein the rights, privileges or immunities of Plaintiff were violated.  Specifically, the Defendants set a policy or engaged in a custom and/or failed to adequately train and/or

supervise its employees who, as a result, engaged in a course of conduct of intentional, negligent, and/or deliberately indifferent actions that resulted in the violation of Plaintiff's right to liberty and property under the Constitution of the United States.

46.   Plaintiff demands damages resulting from Defendant City of El Paso's actions.

## COUNT II—ACTION FOR DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

47.   The previous paragraphs are incorporated herein by reference as if fully re-alleged.

48.   Plaintiff had the right to equal protection of the laws and both substantive and procedural due process pursuant to the Fourteenth Amendment to the United States Constitution. Pursuant thereto, Plaintiff had the right to privacy afforded him which should be equal to all other persons innocent of a particular crime.

49.   At all times material to this Complaint, the Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Texas.

50.   Consequently, while acting under color of law, the Defendant committed actions and omissions wherein the rights, privileges or immunities of Plaintiff were violated.  Specifically, the Defendants set a policy or engaged in a custom and/or failed to adequately train and/or supervise its employees who, as a result, engaged in a course of conduct of intentional, negligent, and/or deliberately indifferent actions that resulted in the violation of Plaintiff's right to substantive and procedural due process under the Constitution of the United States.

51.   Plaintiff demands damages resulting from Defendant City of El Paso's actions.

## COUNT III—ACTION FOR DEPRIVATION OF RIGHT TO VOTE (42 U.S.C. § 1983)

52.   The previous paragraphs are incorporated herein by reference as if fully re-alleged.

53.   Plaintiff had the right to the privileges and immunities attendant with citizenship and his right to vote.

54.   At all times material to this Complaint, the Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Texas.

55.   Consequently, while acting under color of law, the Defendant committed actions and omissions wherein the rights, privileges or immunities of Plaintiff were violated.  Specifically, the Defendants set a policy or engaged in a custom and/or failed to adequately train and/or supervise its employees who, as a result, engaged in a course of conduct of intentional, negligent, and/or deliberately indifferent actions that resulted in the violation of Plaintiff's right the right to vote as a citizen of the United States.

56.   Plaintiff demands damages resulting from Defendant City of El Paso's actions.

## COUNT IV—ACTION FOR DEPRIVATION OF RIGHT TO TRAVEL FREELY AMONG THE STATES
### (42 U.S.C. § 1983)

57.   The previous paragraphs are incorporated herein by reference as if fully re-alleged.

58.   Plaintiff had the right to the privileges and immunities attendant with citizenship and his right to travel freely among the states.

59.   At all times material to this Complaint, the Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Texas.

60.   Consequently, while acting under color of law, the Defendant committed actions and omissions wherein the rights, privileges or immunities of Plaintiff were violated.  Specifically, the Defendants set a policy or engaged in a custom and/or failed to adequately train and/or

supervise its employees who, as a result, engaged in a course of conduct of intentional, negligent, and/or deliberately indifferent actions that resulted in the violation of Plaintiff's right the right to travel freely among the States.

61. Plaintiff demands damages resulting from Defendant City of El Paso's actions.

**COUNT V—ACTION FOR DEPRIVATION OF RIGHT TO BEAR ARUMS UNDER THE SECOND AMENDMENT
(42 U.S.C. § 1983)**

62. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

63. Plaintiff had the right to the privileges and immunities attendant with the right to keep and bear arms.

64. At all times material to this Complaint, the Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Texas.

65. Consequently, while acting under color of law, the Defendant committed actions and omissions wherein the rights, privileges or immunities of Plaintiff were violated. Specifically, the Defendants set a policy or engaged in a custom and/or failed to adequately train and/or supervise its employees who, as a result, engaged in a course of conduct of intentional, negligent, and/or deliberately indifferent actions that resulted in the violation of Plaintiff's right the right to keep and bear arms.

66. Plaintiff demands damages resulting from Defendant City of El Paso's actions.

**COUNT VI—ACTION FOR DEPRIVATION OF RIGHT TO PROPERTY UNDER THE FIFTH AMENDMENT
(42 U.S.C. § 1983)**

67. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

68. Plaintiff had the right to the privileges and immunities attendant with the right to

property under the Fifth Amendment.

**69.** At all times material to this Complaint, the Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Texas.

**70.** Consequently, while acting under color of law, the Defendant committed actions and omissions wherein the rights, privileges or immunities of Plaintiff were violated. Specifically, the Defendants set a policy or engaged in a custom and/or failed to adequately train and/or supervise its employees who, as a result, engaged in a course of conduct of intentional, negligent, and/or deliberately indifferent actions that resulted in the violation of Plaintiff's right to property under the Fifth Amendment.

**71.** Plaintiff demands damages resulting from Defendant City of El Paso's actions.

<u>**COUNT VII—ACTION FOR DEPRIVATION OF RIGHT TO PRIVACY UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS**</u>
<u>**(42 U.S.C. § 1983)**</u>

**72.** The previous paragraphs are incorporated herein by reference as if fully re-alleged.

**73.** Plaintiff had the right to the privileges and immunities attendant with the right to privacy under the Fourth, Fifth, and Fourteenth Amendments.

**74.** At all times material to this Complaint, the Defendant was vested with state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Texas.

**75.** Consequently, while acting under color of law, the Defendant committed actions and omissions wherein the rights, privileges or immunities of Plaintiff were violated. Specifically, the Defendants set a policy or engaged in a custom and/or failed to adequately train and/or supervise its employees who, as a result, engaged in a course of conduct of intentional, negligent,

and/or deliberately indifferent actions that resulted in the violation of Plaintiff's right to privacy under the Fourth, Fifth, and Fourteenth Amendments.

**76.**   Plaintiff demands damages resulting from Defendant City of El Paso's actions.

### COUNT VIII—ACTION FOR DECLARATORY JUDGMENT AND/OR INJUNCTIVE RELIEF
### (28 U.S.C. §§ 2201 & 2202)

**77.**   The previous paragraphs are incorporated herein by reference as if fully re-alleged.

**78.**   The Plaintiff seeks a declaration of his rights pursuant to 28 U.S.C. §§ 2201 & 2202. Specifically, the Plaintiff prays for entry of an order declaring this that his criminal record should be, and henceforth shall be, forever expunged of any reference to the crimes and/or offenses of the aforesaid Mr. Newton.  The Plaintiff further seeks injunctive relief requiring the Defendant to take any action necessary to clear his record from the crimes and/or offenses of Mr. Newton.

### COUNT IX—VIOLATION OF EQUAL RIGHTS UNDER ARTICLE 1, SECTION 3 OF THE TEXAS CONSTITUTION

**79.**   The previous paragraphs are incorporated herein by reference as if fully realleged..

**80.**   Section 3 of Article 1 of the TEXAS CONSTITUTION states that, "All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

**81.**   For the same reasons described above that the actions of Defendant(s) violates the guarantee of the equal protection of the laws under the Fourteenth Amendment of the United States Constitution, such actions also violate the guarantee of equal rights in the Texas Constitution.

**82.**   Plaintiff demands damages for Defendant City of El Paso's conduct.

### COSTS AND ATTORNEYS FEES

**83.**   The previous paragraphs are incorporated herein by reference as if fully realleged.

**84.** Plaintiff, as the prevailing party, seeks an award of costs and attorneys fees against Defendant(s) pursuant but not limited to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant the City of El Paso and John Does 1-5 for compensatory damages in the amount of Seven and One-Half Million Dollars ($7,500,000) or as proofs at trial may adduce, plus punitive damages, plus attorneys' fees, plus the costs of this action.

In addition, Plaintiff seeks any other such relief, whether legal or equitable, as this Court deems proper.

RESPECTFULLY SUBMITTED, this day, May 29, 2012.

CASEY LAW OFFICE, P.C.


By _____/s/ Stephen Casey_____
Stephen Casey, Esq.
Texas Bar No. 24065015

600 Round Rock West Drive, Suite 602
Round Rock, Texas 78681
Telephone: (512) 257-1324
Fax: (512) 853-4098
stephen@caseylawoffice.us


## CERTIFICATE OF SERVICE

I hereby certify by this certificate of service that the following lawsuit was served via the ECF system of the Western District of Texas upon the Defendants on May 29, 2012 in accordance with the Federal Rules of Civil Procedure.

_____/s/  Stephen Casey_____