UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JOHN SHELBY,** | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | EP-12-CV-00200-DCG |
| **CITY OF EL PASO, TEXAS;** and | § | |
| **JOHN DOES 1-5;** | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

On this day, the Court considered Defendant City of El Paso's ("the City") "Motion to Set Aside Entry of Default" (ECF No. 6), filed on August 23, 2012, and Plaintiff John Shelby's "Motion for Default Judgment" (ECF No. 4) filed on August 21, 2012. For the reasons that follow, the Court GRANTS Defendant's motion and DENIES as moot Plaintiff's motion.

### I. BACKGROUND

On May 29, 2012, Shelby filed suit against the City and five unnamed defendants (collectively Defendants), alleging, *inter alia*, the Defendants deprived Shelby of his constitutional rights in violation of 28 U.S.C. § 1983. On June 11, 2012, Shelby sent a request for waiver of the service of process to the City. The City timely executed and returned the request for waiver. Waiver of Service of Summons, ECF. No. 3. On August 21, Shelby moved for an entry of default and default judgment. Pl.'s Req. for Entry of Default & Mot. for Default J. [hereinafter Pl.'s Req. & Mot. for Default], ECF No. 4. The Clerk issued an entry of default on August 22. Order for Entry of Default, ECF No. 5. On the following day, the City filed the instant motion to set aside the entry of default. Shelby has not responded to the City's motion.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default, if the party seeking the relief shows "good cause." Fed. R. Civ. P. 55(c). "'[T]he requirement of 'good cause' . . . ha[s] generally been interpreted liberally.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir.1991)). Good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). To determine whether good cause exists, courts typically consider three factors: (1) whether failure to act was *willful*, (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive but used instead simply as a means to identify good cause, and other factors may be considered, such as whether there was a significant financial loss to the defendant and whether the defendant acted expeditiously to correct the default. *Dierschke*, 975 F.2d at 184.

A trial court's decision to set aside the entry of default is equitable in principle, *id.*, and is committed to the sound discretion of that court. *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (*per curiam*). *Cf. Lacy*, 227 F.3d at 292 ("'Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal.'" (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 n.1 (5th Cir.1992))). Guiding the Court's discretion is the "policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir.1999). *See also Sun Bank v. Pelican*

*Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."). Accordingly, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy*, 227 F.3d at 292 (internal quotation marks and citation omitted).

### III. DISCUSSION

The waiver of service was sent on June 11, 2012. Federal Rule of Civil Procedure 12 sets the deadline for a responsive pleading as 60 days after the date when the request for waiver of service was sent. Fed. R. Civ. P. 12(a)(1)(B). More than sixty days have passed without a response by the City, when Shelby requested entry of default and moved for default judgment.

#### A. Willful Default

A "willful default" is an intentional failure to respond to litigation. *See In re OCA, Inc.*, 551 F.3d 359, 371 n.32 (5th Cir. 2008). The City argues that it did not willfully default in this case. In support, it submitted an affidavit of Beatriz Alvarez, who is a legal secretary in the Office of the City Attorney for the City of El Paso (hereinafter the City Attorney's Office). Mot. to Substitute Aff. of Beatrice Alvarez, Attach. 1 [hereinafter "Aff. of Alvarez"], ECF No. 10. Her job function includes calendaring events and deadlines for the litigation attorneys of that office. *Id.* She affirms that shortly after returning Shelby's request for waiver of service, Karla Nieman, another attorney with that office, calculated the deadline for filing an answer as August 17, 2012.[1] *Id.* Alvarez verified the calculation and noted it in the City's paper case file. *Id.* On July 12, Nieman wrote a letter to Attorney Stephen Casey, who represents Shelby in this case,

---

[1] According to the City, although Shelby sent the request for waiver on June 11, it was sent without a copy of the complaint. *See* Fed. R. Civ. P. 4(d)(1)(C) (providing that the request for waiver of service "must . . . be accompanied by a copy of the complaint . . . ."). Instead, the City received a copy of Shelby's complaint on June 18, 2012. Accordingly, the City computed the 60-day deadline to be August 17, 2012. Pl.'s Req. & Mot. for Default, attach. 3, at ECF page no. 5, ECF 4 (letter from Karla Nieman to Stephen Casey, attorney for Shelby).

informing him that an answer will be filed by August 17. Pl.'s Req. & Mot. for Default, attach. 3, at ECF page no. 5 (letter from Karla Nieman to Stephen Casey, attorney for Shelby). It was Alvarez who mailed that letter. Aff. of Alvarez 1. Alvarez also made a calendar entry in the City Attorney Office's electronic case management system for receipt of Shelby's complaint and request for waiver of service. *Id.* She affirms that the system automatically computed a deadline for the City's responsive pleadings as September 11, 2012—an error she did not notice. *Id.* While Nieman was on a maternity leave, Kenneth A. Krohn, another City Attorney who filed the instant motion to set aside the entry of default on the City's behalf, took over the case. *Id.* at 2. However, Krohn was not privy to Nieman's letter to Shelby's counsel, describing August 17 as the due date for the City's responsive pleading. *Id.* He relied solely on the City's electronic case management system in planning for filing a responsive pleading. *Id.*

All this leads to the conclusion that the City missed the deadline for filing a responsive pleading due to a combination of its staffs' oversight and a computer error. The City's failure to timely file a responsive pleading thus does not rise to the level of willful default. "The decision to deny its requested relief must therefore rest on some other equitable ground." *Lacy*, 227 F.3d at 293.

**B. Prejudice to Plaintiff**

"There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Id.* (internal quotation marks and citation omitted). Moreover, mere delay does not alone constitute prejudice. *Id.* Rather, "to establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990).

The City advances that Plaintiff would not be prejudiced if the Clerk's entry of default is set aside. Shelby has not responded to the City's motion, and therefore has not presented any argument or evidence on how he might be prejudiced if the entry of default is set aside. The case is at a very early stage. The Court has not issued any scheduling order, and so far as appears, no discovery has commenced yet. The six unnamed defendants have yet to be identified and to appear. At this stage, granting the City's motion and thereby requiring Plaintiff to litigate the case on the merits will not result in prejudice.

### C. Meritorious Defense

"In determining whether a meritorious defense exists, 'the underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA*, 551 F.3d at 373 (internal brackets omitted) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)).

The City argues that it has a prima facie defense to Shelby's allegations. If the Court grants its motion to set aside default, the City intends to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Indeed, contemporaneously with its motion to set aside the entry of default, the City has filed a motion for leave to file a motion to dismiss the plaintiff's complaint, which is currently pending before this Court. The City points out that prior to commencing this action, Shelby had filed two separate actions against the City, based on the same factual allegations as contained in his complaint in this action. In both of those cases, Shelby's complaints were dismissed without prejudice for failure to state a claim. Order Granting Mot. to Dismiss, *Shelby v. City of El Paso*, EP-11-CV-17-PRM, 2011 WL 3666583 (W.D. Tex. Mar. 31, 2011) (Martinez, J.), ECF No. 20; Order Granting Mot. to Dismiss, *Shelby v. City of El Paso*, EP-11-CV-00315-PRM (W.D. Tex. Oct. 28, 2011) (Martinez, J.), ECF No. 3.

The Court has taken a "quick look" at Shelby's complaint in this action, juxtaposing it with his complaints in the prior actions. So far as appears, these complaints contain substantially identical factual allegations. While the Court does not prejudge the merits of the City's pending Rule 12(b)(6) motion in this action, the Court's cursory review of his complaint reveals that although Shelby appears to have alleged additional facts (or phrased them differently) in this complaint, there is "some possibility" that the complaint may not survive a Rule 12(b)(6) motion. As such, the City has presented a meritorious defense.

**D. Other Factors**

Among the other factors is whether the defendant acted expeditiously to cure the default. In this case, the Clerk entered the default on August 22, 2012. The very next day, the City filed its motion to set aside that motion. As noted, *supra*, the City has also filed a motion for leave to file a motion to dismiss Shelby's complaint.

Considering all of these factors in the light of the facts and circumstances of this case, the Court, guided by the policy favoring resolution of disputes on the merits, finds that the City has shown good cause for setting aside the entry of default in this case. *See Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563 ("Defaults are not favored and their strict enforcement has no place in the Federal Rules." (internal quotation marks and citation omitted)).

### IV. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Defendant City of El Paso's "Motion to Set Aside Entry of Default" (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default (ECF No. 5) is **VACATED**.

-7-

**IT IS FINALLY ORDERED** that Plaintiff John Shelby's "Motion for Default Judgment" (ECF No. 4) is **DENIED AS MOOT**.

**So ORDERED and SIGNED** this **7th** day of **September, 2012**.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE