**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| JOHN SHELBY, Plaintiff, | § § § | |
| v. | § § | NO. EP-12-cv-00200-DCG |
| THE CITY OF EL PASO, TEXAS, and JOHN DOES 1-5, Defendants. | § § § | |

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**
**REGARDING DEFENDANT'S MOTION TO DISMISS**

Now before the Court is Defendant CITY OF EL PASO's ("the City") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) [hereinafter the "Motion"], filed on September 10, 2012. (Doc. 13). Plaintiff JOHN SHELBY filed a response to the motion on September 24, 2012. (Doc. 14). City of El Paso's reply was filed on September 29, 2012. (Doc. 15). After reviewing the parties' briefing, the evidence, and the applicable law, the Court recommends that the Motion to Dismiss be GRANTED and Plaintiff's claims be DISMISSED.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on May 29, 2011. (Doc. 1).[1] Plaintiff asserts claims

[1] Plaintiff previously filed two similar lawsuits against the City. In December 2010, Plaintiff originally filed in the 448th Judicial District Court, El Paso County, Texas as Cause No. 2010-4918. Defendant subsequently removed that lawsuit to the United States District Court for the Western District of Texas filed as Cause No. 11-CV-0017-PRM, where it was dismissed without prejudice on March 31, 2011. On July 29, 2011, the Plaintiff filed another lawsuit against the same defendants in the United States District Court for the Western District of Texas under Cause No. EP-11-00315-PRM. That case was also dismissed without prejudice on October 28, 2011.

under 42 U.S.C. § 1983 and further seeks declaratory relief for violations of his rights under the Texas Constitution. In response, the City has filed the motion now before the Court. (Doc. 13). The City has premised its motion on both procedural and substantive grounds. First, the City contends that Plaintiff's claims are barred by the applicable statute of limitations. (Doc. 13 at 4). In addition, the City claims that Plaintiff's claims fail to plead sufficient facts to support any of the allegations. (Doc. 13 at 5-9). Finally, the City states that because Plaintiff's criminal records have already been expunged, Plaintiff's requests for declaratory and injunctive relief are moot. (Doc. 13 at 8). On March 1, 2013, the Presiding Court referred the Motion to this Court for recommendation. (Doc. 21). The Motion, having been fully briefed, is now ripe for consideration.

## II. FACTUAL BACKGROUND

Plaintiff was arrested in 1991 by the El Paso Police Department ("EPPD") for criminal trespass. (Doc. 1 at 6). Plaintiff alleges that beginning in 1997 and continuing to the present, he has been unable to find or retain employment, and has been passed over for promotions because his criminal record incorrectly reflects crimes committed by another person. (Doc. 1 at 6-9). Plaintiff asserts that the EPPD is responsible for the errors on his criminal record because it intentionally, recklessly, with gross negligence, or with careless indifference inserted and combined his personal information from his 1991 arrest with the extensive arrest record of another person. (Doc. 1 at 8). The first hint of the error occurred when he was fired from his position at the Tigua Indian Reservation Casino in 1997 for failing to pass a criminal background check. (Doc. 1 at 6). At that time, he was assured by someone at the EPPD that they were unaware of what caused the mistake but that it had been rectified. (Doc. 1 at 6). In 2002,

Plaintiff was once again fired from his position, this time with the United States Post Office, as a result of the mistaken felonies on his record and the addition of a new one. (Doc. 1 at 7).

Furthermore, Plaintiff states that despite his continuous, repeated requests, the City has not corrected the errors yet all the while promising to do so. (Doc. 1 at 8-9).[2] As a result, he contends that his constitutional rights have been violated. (Doc. 1 at 9-14). Plaintiff also claims that the City's actions could have been prevented with adequate supervision or adequate training. (Doc. 1 at 8).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id*. ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555).

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal quotation omitted). A complaint states a "plausible claim for relief" when the factual

[2] Plaintiff claims that despite the City's attempt to obtain an expunction for him in January 2009, the incorrect arrest record still appears on background checks. (Doc. 1 at 8, 9).

allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986). The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

Plaintiff alleges numerous violations of his constitutional rights: deprivation of his right to liberty and property under the Fifth and Fourteenth Amendments; deprivation of his right to due process under the Fourteenth Amendment; deprivation of his right to vote; deprivation of his right to travel freely among the states; deprivation of his right to bear arms; deprivation of his right to privacy; and a failure to provide equal rights under the Texas Constitution. (Doc. 1 at 9-14). Plaintiff also claims that the City's actions could have been prevented with adequate supervision or adequate training. (Doc. 1 at 8). Plaintiff further alleges that Defendant has defamed him by falsely publishing arrests and/or convictions he did not commit. (Doc. 1 at 8-9). The City argues that Plaintiff's claims should be dismissed because they are barred by the applicable statutes of limitation. (Doc. 13 at 4). The City also contends that Plaintiff has failed to sufficiently plead any facts to support his claims. (Doc. 13 at 5-8).

### *A. Claims under the United States Constitution*

There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Owens v. Okure*, 488 U.S.

235, 250 (1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the applicable period is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law. *Burrell*, 883 F.2d at 418. Under federal law, the cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)). When a cause of action accrues is generally a question of law, not fact. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001).

The City argues that Plaintiff's claim should be time-barred because his cause of action accrued sometime in 1997 at the earliest or 2002 at the latest when he was fired from multiple jobs as a result of the false felony record. (Doc. 13 at 4). Consequently, the City contends that Plaintiff waited fourteen years to file his cause of action against the City. (Doc. 13 at 4). Plaintiff responds that his claims are not time-barred because the discovery rule and the doctrine of fraudulent concealment apply to toll the limitations. (Doc. 14 at 3-5). In the alternative, he argues that the doctrine of continuing torts applies as well. (Doc. 14 at 6).

*1. The Discovery Rule and the Doctrine of Fraudulent Concealment Do Not Apply*

Taking as true the facts pled by the Plaintiff, sometime following his arrest in 1991 and his first firing in 1997, the EPPD mistakenly combined his criminal record with that of another individual and initially blamed the error on a case of stolen identity. (Doc. 1 at 6, 8). After losing various jobs and avoiding even applying for others because of his false record, Plaintiff

was finally able to get assistance from a local assistant district attorney who attempted to expunge his record. (Doc. 1 at 8). It was only at this point, in January 2009, that the Plaintiff learned the EPPD was to blame for the error. (Doc. 1 at 8).

This Court does not need to analyze whether the discovery rule or the doctrine of fraudulent concealment applies because the Plaintiff's causes of action under the United States Constitution are time-barred under both doctrines. Even assuming either applied, Plaintiff argues that his cause of action accrued in January 2009, when he first discovered that the EPPD was responsible for the error. (Doc. 14 at 6).[3] Under the two year statute of limitations, Plaintiff had until January 2011 to file his cause of action according to either theory. Plaintiff filed his complaint on May 29, 2012. (Doc. 1). Plaintiff's complaint was filed out of time.

*2. The Continuing Tort Doctrine Also Does Not Apply*

Plaintiff also argues that his claims survive under the continuing tort doctrine. (Doc. 14 at 6). "The continuing tort doctrine is an exception to the statute of limitations in Texas." *Hernandez v. Thomson*, 464 Fed. Appx. 221, 222 (5th Cir. 2010) (per curiam) (citation omitted). A continuing tort arises when the wrongful conduct is repeated over a period of time. *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 812 (Tex. App.—Austin 2001, pet. denied). In such a situation, each act creates a separate cause of action, and the cause does not accrue, for purposes of limitations, until the misconduct ends. *Dickson Constr., Inc. v. Fidelity & Deposit Co.*, 960 S.W.2d 845, 851 (Tex. App.--Texarkana 1997, no pet.).

---

[3] From Plaintiff's Brief: "This conclusively places the point of accrual at January 2009.". . ."The City's fraud through [official's] letters concealed this injury by EPPD and thus accrual should not begin until January 2009." (Doc. 14:6).

In determining whether there is a continuing tort, "care must be taken to distinguish between: 1) repeated injury proximately caused by repetitive wrongful or tortious acts and 2) continuing injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not." *Rogers v. Ardella Veigel Inter Vivos Trust No. 2*, 162 S.W.3d 281, 290 (Tex. App.--Amarillo 2005, pet. denied); *see also Dickson Constr.*, 960 S.W.2d at 851 (stating that for a continuing tort to arise there must be both continuing misconduct and additional injury).

*Thomson*, cited by the Plaintiff, actually makes clear that the continuing tort doctrine does not apply to the facts of this case. In *Thomson*, the plaintiff's complaint was based on a false entry in his parole record. *Thomson*, 464 Fed. Appx. at 222. The plaintiff argued that the statute of limitations for his 1983 claim did not apply because the continued application of the false entry continued to cause him injury to the present day. *Id.* The court rejected his argument. It held that the plaintiff's claim was time-barred because he was alleging continuing injury resulting from when the false entry was first entered, and not repeated injury caused by repetitive tortious activity. *Id.*

Similarly, the Plaintiff has alleged the continuing tort doctrine applies because background checks in 2010 and 2011 showed that criminal background checks still displayed the erroneous information. (Doc. 14 at 7). However, as in *Thomson*, the injuries here were caused by data entry errors occurring sometime between 1991 and 1997 and then possibly again sometime in 2002. (Doc. 1 at 7-8). The doctrine does not apply merely because the misinformation has not been corrected. Instead, Plaintiff must show that the City continued to input false information. *Thomson*, 464 Fed. Appx. at 222. Plaintiff has failed to do so and so this Court finds that the continuing tort doctrine does not apply.

### *B. Claim under the Texas Constitution*

Plaintiff has sued the City to recover under the Texas Constitution. (Doc. 1:14). There is no private right of action for damages under the Texas Constitution. *See Scruggs v. Reinhardt,* 1997 WL 148015, at *6 (N.D. Tex. Mar. 20, 1997) (Fitzwater, J.) (explaining that Texas Supreme Court's reasoning in *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 147–49 (Tex.1995), "strongly suggests that the court would not recognize any private right of action for damages" under the Texas Constitution. "[S]uch rights are enforceable pursuant to § 1983 rather than the Texas Constitution itself.").[4] Accordingly, this claim against the City should also be dismissed.

### *C. Claim for Declaratory and/or Injunctive Relief*

Along with his original claims under section 1983, Plaintiff requested declaratory and/or injunctive relief pursuant to 28 USC §§ 2201-02. (Doc. 1:14). When a request for a declaratory judgment is brought to federal court, that request is analyzed under the Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201–2202. *See Toops v. U.S. Fid. & Guar. Co.*, 871 F.Supp. 284, 287 n. 2 (S.D. Tex. 1994), *rev'd on other grounds sub nom. Toops v. Gulf Coast Marine Inc.*, 72 F.3d 483 (5th Cir. 1996). Importantly, "[t]he Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

---

[4] Even assuming a private right of action exists, the claim would be time barred for the reasons set forth earlier. *See Li v. Univ. of Texas Health Sci. Ctr. at Houston*, 984 S.W.2d 647, 652 (Tex. App.--Hous. [14th Dist.] 1998, pet. denied) (finding a two year statute of limitations for violations of the Texas Equal Protection clause).

Pursuant to "[t]he Declaratory Judgment Act ... federal courts [are authorized] to declare the rights and other legal relations of any interested party seeking such declaration." *Val-Com Acquisitions Trust v. Chase Home Fin.*, L.L.C., 434 Fed. Appx. 395 (5th Cir. 2011). "[A] declaration may issue only to resolve an actual controversy between the parties. An actual controversy is a dispute that is definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* (citations omitted). Also, "[t]he controversy must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Id.* (citations omitted). The plaintiff has the burden of establishing the existence of an actual controversy under the Act. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

The City claims that Plaintiff has failed to plead any facts that a justiciable controversy exists because Plaintiff's criminal records were expunged in 2009. (Doc. 13 at 8). Yet, two separate criminal background checks in 2010 and 2011 showed that the record is still incorrect. (Doc 1 at 9; Doc 14 at 7). This Court is unable to provide relief, however, because all of Plaintiff's underlying substantive claims have been barred by the statute of limitations. In the absence of a viable substantive claim, Plaintiff's request for declaratory and/or injunctive relief is without merit. *See Pajooh v. Harmon*, 82 Fed.Appx. 898, 899 (5th Cir. 2003) (upholding the denial of injunctive relief when plaintiff failed to state a claim). Therefore, the Court recommends that the City's motion be granted as to these claims as well. Any dismissal should be without prejudice to re-filing should a valid claim arise.

### *D. Defamation Claim*

Plaintiff has alleged that Defendant has defamed him by transmitting false information to outside organizations via electronic background checks.[5] (Doc. 1 at 8-9). An action for defamation alone does not state a claim for relief under section 1983 because no deprivation of a protected interest occurs. *Paul v. Davis,* 424 U.S. 693, 712 (1976). Because Plaintiff's defamation claim concerns a matter of state law, the Court's jurisdiction is based solely on supplemental jurisdiction. The Court recommends that the District Court decline to exercise supplemental jurisdiction over the remaining state law claim. *See Shelby v. City of El Paso*, No. EP-11-CV-17-PRM, 2011 WL 3666583, at *3 (W.D. Tex. Mar. 31, 2011) ("a court may decline to exercise supplemental jurisdiction when, as here, it has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)(3)); *see also Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307–08 (5th Cir. 1991).

## V. <u>RECOMMENDATION</u>

Plaintiff's § 1983 claims fail because they are barred by the applicable statute of limitations. Consequently, the Court is unable to provide declaratory and/or injunctive relief. Furthermore, Plaintiff's claim under the Texas Constitution is also barred because the Texas Constitution does not recognize a private right of action. As to Plaintiff's state tort claim for defamation, the Court's jurisdiction is based solely on supplemental jurisdiction, and should be declined.

---

[5] Plaintiff does not explicitly plead the defamation claim but the City recognizes that Plaintiff's pleading includes a defamation claim. *See* (Doc. 13 at 4) (stating that "Plaintiff also alleges that Defendant has defamed him by publishing arrests and/or convictions he had not committed").

Accordingly, it is respectfully **RECOMMENDED** that the City's Motion to Dismiss (Doc. 13) be **GRANTED**.

It is further respectfully **RECOMMENDED** that Plaintiff's § 1983 claims be **DISMISSED WITHOUT PREJUDICE**.

It is further respectfully **RECOMMENDED** that Plaintiff's tort claim be **DISMISSED WITHOUT PREJUDICE**.

**SIGNED on April 2, 2013.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**